XIU JIN YU;  Yong Sheng Liu, Petitioners

v.

ATTORNEY GENERAL OF the UNITED STATES.

No. 08–4080.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 16, 2009.

Filed:  Sept. 28, 2009.

See also 513 F.3d 346.

Theodore N. Cox, Esq., New York, NY, for Petitioners.

Jeffrey L. Menkin, Esq., Mark C. Walters, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Petitioners, Xiu Jin Yu and Yong Sheng Liu, natives and citizens of the People's Republic of China, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. For the following reasons, we will deny their petition.

Liu entered the United States on April 11, 2001, and the Immigration and Naturalization Service served him with a Notice to Appear and placed him in removal proceedings on June 5, 2001. Yu, Liu's wife and the lead petitioner, arrived on August 1, 2002, and the INS placed her in removal proceedings on August 8, 2002. Both petitioners admitted removability, but sought asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture ("CAT"). The petitioners feared returning to China, arguing that they would be forcibly sterilized for violating the one-child policy. Specifically, the couple believed they were at risk because they had a second child while residing in the United States.

Following a March 9, 2005 merits hearing, the Immigration Judge ("IJ") ruled that petitioners failed to establish eligibility for any form of relief, and ordered them removed to China. In an August 16, 2006 opinion, the BIA adopted and affirmed the IJ's decision. Petitioners sought review in this Court and we denied their petition in a January 15, 2008 opinion. *Yu v. Att'y Gen.*, 513 F.3d 346, 349 (3d Cir.2008).

On April 28, 2008, Petitioners filed a motion to reopen their removal proceedings with the BIA. In the motion, Petitioners claimed that mistranslations of the 2002 Fujian regulation appended to the 2005 and 2007 State Department Asylum Profile constituted previously unavailable evidence establishing changed country conditions. Petitioners also introduced four other previously unavailable documents which they asserted shows that China maintains a national policy of forced sterilization. The BIA denied the motion, and petitioners have filed a timely petition for review from that order.

We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir.2002). We will uphold the BIA's factual determinations so long as "they are 'supported by reasonable, substantial, and probative evidence on the record as a whole.'" *Liu v. Att'y Gen.*, 555 F.3d 145, 148 (3d Cir.2009) (*quoting INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

Motions to reopen are generally required to be filed with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). The deadline does not apply to motions that rely on evidence of "changed circumstances arising in the country of nationality ... if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the motion to reopen was not filed within the 90–day window; therefore, petitioners must show changed country conditions in order to excuse the untimeliness.

■ The petitioners' primary contention is that the State Department's translation of the 2002 Fujian regulation, which was incorporated into the 2005 and 2007 State Department's Profile of Asylum Claims and Country Conditions in China, is inaccurate. The BIA dismissed this claim because the original BIA decision did not rely on the 2007 Profile. Petitioners, however, assert that the BIA's original decision cited to cases which relied on the 2005 Profile, and therefore, it changed the agency's understanding of conditions in Fujian Province. (Petr.'s Br. at 27.) Further, though the regulation was adopted in 2002, petitioners assert that the alleged mistranslation constitutes changed circumstances inasmuch as the State Department translation was not available until October 2005, seven months after the petitioners' hearing before the IJ. *See Filja*, 447 F.3d at 253 ("previous hearing" as used in § 1003.2(c)(3)(ii) refers to the hearing before the IJ).

■ We reject the petitioners' contentions. Even assuming, for the sake of argument, that the petitioners' version of the 2002 regulation is material to their case, the claim fails because the regulation was in place at the time of petitioners' hearing before the IJ. Petitioners cite no statute, regulation, or case-law, and we are aware of none, which would support their contention that a State Department mistranslation of a document could constitute changed circumstances in an asylum appli-

cant's country of nationality. *Cf. Shardar v. Att'y Gen.,* 503 F.3d 308, 315 (3d Cir. 2007) ("The re-emergence of the political party responsible for the applicant's prior persecution is the type of situation that would constitute a change in country conditions.") To the extent that petitioners argue that the BIA's reliance on the mistranslation violated their right to due process, the instant petition for review is not a means to re-litigate the original removal proceedings. *See Kaur v. Bd. of Immigration Appeals,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam).

The BIA also did not abuse its discretion in finding that petitioners failed to establish a prima facie case to warrant reopening their asylum proceedings. *See Zheng v. Att'y Gen.,* 549 F.3d 260, 265 (3d Cir.2008) (citation and quotations omitted) (BIA may deny a motion to reopen if the movant fails to establish a prima facie case for the relief sought). Petitioners argue that a document entitled "Announcement of Further Improvement of the Family Planning Work" establishes a reasonable likelihood that they would be persecuted if removed to China. (Petr.'s Br. at 41.) The BIA, however, found that the document did not establish a prima facie case because it did not state that sterilization was mandatory for couples with two or more children nor did it show that a violator of the one-child policy would be forced to undergo sterilization. (Admin. Record at 3.) The BIA gave reasoned consideration to the motion and made adequate findings to support its conclusion. *Zheng,* 549 F.3d at 268. We do not find that the evidence compels a contrary conclusion. *See Abdille v. Ashcroft,* 242 F.3d 477, 484 (3d Cir.2001). For similar reasons, we agree with the BIA that the other three documents petitioners submitted do not show a change in China's coercive population program which would warrant a reopening of petitioners' case.

For the foregoing reasons, we will deny the petition for review.